**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 06-4957**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

PRINT DANIEL SWANSON, JR.,

Defendant - Appellant.

———————

Appeal from the United States District Court for the Southern District of West Virginia, at Beckley.   Thomas E. Johnston, District Judge.  (5:06-cr-00061)

———————

Submitted: May 25, 2007                Decided:  July 5, 2007

———————

Before MICHAEL, TRAXLER, and DUNCAN, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Jason D. Parmer, PARMER LAW OFFICE, Hinton, West Virginia, for Appellant. John Lanier File, OFFICE OF THE UNITED STATES ATTORNEY, Beckley, West Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Print Daniel Swanson Jr., pled guilty to possession with intent to distribute cocaine, in violation of 21 U.S.C.A. § 841(a)(1), and was sentenced to 280 months in prison. On appeal, Swanson's attorney has filed a brief pursuant to <u>Anders v. California</u>, 386 U.S. 738 (1967), finding no meritorious issues for appeal but challenging the district court's consideration at sentencing of a quantity of drugs he admitted to during police questioning but was more than that which was required to support his conviction. Swanson has filed a pro se supplemental brief, essentially arguing that his attorney failed to adequately inform him of the possibility that his admitted statements could be used against him to enhance his sentence and also that his attorney failed to challenge the propriety of the use of those statements.

We conclude that the district court properly considered the additional quantity of drugs because, under the sentencing guidelines, drug quantities not specified in the counts of conviction are considered relevant conduct when they are part of the same course of conduct or common plan or scheme. <u>See</u> <u>U.S. Sentencing Guidelines Manual</u> § 1B1.3(a)(2). Moreover, because Swanson's attorney's alleged ineffectiveness does not "conclusively appear[] from the record," Swanson's claim that his attorney was ineffective cannot be addressed on direct appeal. <u>United States v.</u>

Baldovinos, 434 F.3d 233, 239 (4th Cir.), cert. denied, 126 S. Ct. 1407 (2006).

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Swanson's conviction and sentence. This court requires that counsel inform Swanson, in writing, of the right to petition the Supreme Court of the United States for further review. If Swanson requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Swanson.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED